**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARINE WATCHMEN INC., | Index No.: |
| **Plaintiff,** | **VERIFIED COMPLAINT** |
| -against- | |
| VENTURE CRUISE, LLC, *in personam*, CHRISTOPHER SPERRY, *in personam,* P.M. ROYAL, LLC, *in personam;* PAUL DEMO, *in personam* and the following documented vessel, with its bunkers, engines, machinery, equipment, fixtures, appurtenances, etc., *in rem;* 1988 PALAT a/k/a RACONTEUR a/k/a ARIEL, | |
| **Defendants.** | |

<u>VERIFIED COMPLAINT</u>

NOW, INTO COURT, through undersigned counsel, comes MARINE WATCHMEN, INC. ("Marine" or "Plaintiff"), and respectfully avers as follows:

<u>PARTIES</u>

1. At all times hereinafter mentioned, Plaintiff was and still is a corporation formed under the laws of the State of New York with its principle place of business located at 5945 Strickland Avenue, Brooklyn, New York.

2. Upon information and belief, named herein as Defendant, *in personam*, is VENTURE CRUISE, LLC ("Venture"), a limited liability company organized and existing under the laws of the State of Missouri, with its principle office located at 4435 Main Street, Suite 900, Kansas City, Missouri.

3. Upon information and belief, at all times hereinafter mentioned, Defendant,

1

Christopher Sperry resides at 2318 Crenshaw Road, Independence, MD 64057.

4. Upon information and belief, named herein as Defendant *in personam*, is P.M. ROYAL, LLC ("PMR"), a limited liability company organized and existing under the laws of the State of Missouri, with its principle office located at 4435 Main Street, Suite 900, Kansas City, Missouri, which was cancelled administratively on May 4, 2019. (See attached annexed as Exhibit "A".)

5. Upon information and belief, at all times hereinafter mentioned, Paul Demo, resides at 11307 Peery Street, Independence, MO 64054.

6. Also named herein as Defendant *in rem* (the "Vessel"), with its engine, machinery, equipment fixtures, electronics, navigational electronics and devices, appurtenances, etc. is:

The Vessel 1988 PALAT a/k/a RACONTEUR a/k/a ARIEL, a documented U.S. flagged Vessel official (O.N) Number 925155. Said Vessel is not a public Vessel. (See attached as Exhibit "B", Certificate of Documentation.)

7. That at all times mentioned, Plaintiff operated a marina located at 5945 Strickland Avenue, Brooklyn, New York.

## JURISDICTION AND VENUE

8. Plaintiff's action seeks to release/extinguish/discharge (2) maritime preferred mortgages/liens entered and filed with the Department of Transportation U.S. Coast Guard BY Defendant PM Royal LLC and Defendant Venture Cruise LLC against the Vessel, *in rem*, in favor of P.M. Royal, LLC, *in personam* and for a judgment against Defendant Venture, Paul Demo and Christopher Sperry in the amount of $401,373.00 for a breach of contract for necessaries provided to the Vessel by Plaintiff in favor of Plaintiff.

This action falls within this Court's civil admiralty and maritime subject matter jurisdiction within the meaning of 28 U.S.C. § 1333 and 46 U.S.C. § 31301, *et seq.*, The Ship Mortgage Act of 1820 46 App U.S.C. 911-984) and diversity of citizenship of the parties as hereinafter fully appears, and is, *inter alia*, an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In addition, any claims which do not fall within this Court's admiralty and maritime subject matter jurisdiction are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction under 28 U.S.C. § 1332 and the amount in controversy is greater than the $75,000 diversity jurisdictional limits. Venue is the Eastern District of New York in that, upon information and belief, the Plaintiff's principle place of business is located in the Eastern District of New York, all transactions between the parties occurred in the Eastern District of New York, the Vessel is found and located here in the Eastern District of New York and will remain here during the pendency of this action.

9. Since February 28, 2018, Plaintiff is the New York State registered and titled owner of the 1988 PALAT a/k/a RACONTEUR a/k/a ARIEL Vessel O.N. 925155 and said title/registration filed with the U.S. Coast Guard/Homeland Security (See New York State Certificate of Title Document No.: 782351C annexed hereto as Exhibit "C".)

10. The Vessel is now or will be, and during the pendency of this action will remain, within the Eastern District of New York.

11. That the Vessel is named as a Defendant for, in rem, maritime Jurisdiction, and, pursuant to Federal R. Civ.P. Supplemental Rules for certain admiralty and maritime claims Rule (c)(9), a District Court must generally issue a warrant of arrest of a Vessel and a Vessel must be arrested in order to establish jurisdiction to enter an in

rem decree and a Court may require posting of a bond by a claimant for expenses of justice after the Vessel arrest pursuant to Fed R. Civ. P. Supp R.E(4)(e).

12. Upon information and belief, in this matter the Vessel need not be arrested Or bonded as Plaintiff is the titled owner in possession and as such shall maintain the Vessel in the Eastern District of New York.

13. This action is being commenced to quiet title to said Vessel and extinguish, release and discharge two (2) maritime mortgages and foreclose a maritime lien of necessaries against the Vessel in favor of Plaintiff in the amount of $401,373.56.

## PLAINTIFF MARINE'S CLAIM AGAINST VENTURE AND PMR AND THE VESSEL

14. Upon information and belief, at all times hereinafter mentioned, Defendant Venture Cruise, LLC was and is still principally owned and operated by Defendant, Paul Demo and Defendant Christopher Sperry.

15. Upon information and belief, at all times hereinafter mentioned, Defendant PM Royal, LLC was and still is principally owned by Defendant Paul Demo and Defendant Christopher Sperry.

16. Upon information and belief, at all times hereinafter mentioned, until February 28, 2018, Defendant Venture Cruise LLC was the titled owner of the "Vessel".

17. Upon information and belief, at all times hereinafter mentioned, prior to and including May 23, 2000, Defendant PM Royal, LLC held itself out as a lender of ship loans and mortgages.

18. Upon information and belief, prior to May 23, 2000, Defendant "PMR"

4

Conspired with Defendant "Venture" by and through Defendant Paul Demo and Defendant Christopher Sperry to make two (2) fictitious loans to Venture and fraudulently place two (2) mortgages against the subject Vessel as follows:

Upon information and belief, on May 23, 2000, Defendant PMR, by and through Defendant Paul Demo and Christopher Sperry, filed the aforesaid two (2) mortgages against the "Vessel" with the permission of the owner, Defendant Venture Cruise, LLC, by and through Defendant, Christopher Sperry and Paul Demo, with the U.S. Coast Guard National Vessel Documentation Center in the amount of $90,300.00 as follows:

(1) Instrument PM amount $40,300.00 in Book 00-55 pg. 251

(2) Instrument PM amount $50,000.00 in Book 00-55 pg. 252

(See Coast-Guard Abstract of Title annexed hereto as Exhibit "D".)

19. Upon information and belief, at all times hereinafter mentioned, said two (2) notes and mortgages were fraudulent in that the parties, Defendant "PMR" and Defendant "Venture" were in reality alter egos of the other and were in fact the same entity in that they each had the same owners and shareholders, defendant Paul Demo and Christopher Sperry, and shared the same principle office at 4435 Main Street, Suite 900, Kansas City, Missouri.

20. That upon information and belief at all times hereinafter mentioned, said two (2) loans and mortgages were fraudulent in that no monies or payments were exchanged between the parties, Defendant "PMR and Defendant "Venture".

21. That upon information and belief, at all times hereinafter mentioned, said two (2) notes and mortgages were fraudulent in that there was no consideration exchanged for the $90,000.00 mortgage lien placed on the subject Vessel.

22. That upon information and belief, at all times hereinafter mentioned, the said two (2) mortgages were fraudulently filed with the U.S. Coast Guard in that the Defendants knew that said mortgages were only filed to defeat future maritime lienholders and owners, such as Plaintiff and an owner of a Vessel cannot also be a holder of a preferred ship mortgage.

23. Upon information and belief, for a preferred mortgage to be valid against third parties, it must be properly filed with the Secretary of Homeland Security, U.S. Coast Guard (National Vessel Documentation Center) unless otherwise noted, pursuant to 46 U.S.C. 3132(a)(2).

24. That on February 28, 2018 Plaintiff "Marine" applied for and was issued New York State title registration for the aforesaid Vessel, State Certification No.: NY1350GZ (see attached registration as Exhibit "E").

25. Upon information and belief, said Title was filed with the U.S. Coast Guard/Homeland Security (National Vessel Documentation Center). Upon said filing, Defendant "Venture" and Defendant PMR were provided notice of a Certificate of Ownership by Plaintiff "Marine".

26. That Plaintiff has attempted to document the aforesaid Vessel with the Coast Guard for purposes of utilizing said Vessel in restricted trades, such as commerce and fisheries, etc. pursuant to 46 C.F.R. 67.

27. However, although Plaintiff is the registered owner acknowledged by the U.S. Coast Guard Plaintiff is still unable to document said Vessel, for the aforesaid commercial purposes, with the United States Coast Guard pursuant to 46 C.F.R. 67 due

to the two (2) alleged preferred mortgages of record filed with the United States Coast Guard by Defendants.

28. That upon information and belief, for approximately 20 years Defendant PMR has failed to enforce its mortgage by accelerating the same, despite the fact that no payments have been made by Defendant Venture and currently both Defendant PMR and Venture are no longer in operation and said mortgages have not been transferred or assigned. Accordingly, said mortgages are stale, invalid and should be vacated, released and extinguished pursuant to the doctrine of laches.

29. Upon information and belief, only a district court which has original jurisdiction of a civil maritime action may extinguish/release the two (2) alleged preferred mortgages of Defendant PMR and/or foreclose on a Vessel pursuant to 46 U.S.C. 31325(b)(1)(2).

30. Upon information and belief, that as a result of the above, the two (2) aforementioned mortgages Should be released, extinguished and vacated of record, as the mortgages were fraudulent, were never enforced and the owner and lender were, in fact, the same.

## PLAINTIFF MARINE'S CLAIM AGAINST VENTURE AND THE VESSEL

31. That Plaintiff repeats, reiterates and reallages paragraphs "1" through "28" as if fully set forth herein.

32. That on or about January 1, 2009, the then owner of said Vessel, Venture Cruise LLC, by and through Defendant Christopher Sperry and Defendant Paul Demo docked/stored the aforementioned Vessel pursuant to an agreement between the parties at Plaintiff's marina located at 5945 Strickland Avenue, Brooklyn, New York.

33. That Plaintiff, pursuant to an agreement with Venture Cruise, LLC, performed necessaries, services, repair and maintenance and stored ship at said marina from January 1, 2009 to February 28, 2018.

34. That pursuant to said agreement, work was performed and invoices totaling $266,471.56 were sent to the owner, Venture Cruises LLC, but were never paid. (See invoice of Marine Watchmen annexed hereto as Exhibit "F".)

35. That the owner, Defendant "Venture" and Defendant Paul Demo and Defendant Christopher Sperry, abandoned said Vessel at Plaintiff's marina.

36. That Plaintiff, Marina, demanded payment from Defendants but were never paid.

37. That as a result of the above, Defendants have breached their agreement with Plaintiff, "Marine" and Defendants owe Plaintiff $266,471.56 plus costs and fees and interest for a total amount of $401,373.00.

38. That as a result of the above, Plaintiff had a maritime lien for necessaries arising by operation of law entitling Marine to bring this *in rem* action to enforce said lien on the subject Vessel from the time the supplies or services were provided on January 1, 2009, pursuant to 46 (USC Section 31341 and 31342).

39. That on March 7, 2012 Plaintiff commenced a breach of contract action against the Defendants of the above Vessel, Venture Cruise, LLC, in Supreme Court, Kings County bearing Index No.: 4306/12 for necessary services, maintenance, repair, storage and docking to ensure seaworthiness at the aforesaid marina.

40. That Plaintiff "Marine" named and noticed, Defendant "PMR" and Defendant

Paul Demo and Defendant "Venture" and Defendant Christopher Sperry and all other parties with an interest in said Vessel. Defendant, "PMR" and "Venture" defaulted, never answering or appearing.

41. That a default judgment was rendered by the Court in favor of Plaintiff against the owner, Venture Cruise LLC, on August 15, 2017, and a money Judgment was entered against said owner on default in the amount of $299,469.30 in favor of Plaintiff on September 12, 2017 and Defendants were served notices of said judgments. (See judgments annexed hereto as Exhibits "G" and "H" respectively.)

42. That upon information and belief said money judgment was foreclosed as a garagemen's lien in the amount of $401,373.00 pursuant to Sections 184, 201 and 202 of the New York Lien Law and said law pertains to foreclosing liens on vehicles, including boats.

43. Upon information and belief a foreclosure sale of said "Vessel" was held on November 24, 2017 with notice to all parties in interest, including Defendant "Venture", pursuant to a lien search abstract, wherein Plaintiff purchased said Vessel at said sale for $350 and received a bill of sale, despite the estimated value of $401,373.00. (See Notice of Lien and Lien Search annexed hereto as Exhibit "I" and "J", respectively and the Bill of Sale annexed hereto as Exhibit "K".)

44. That Plaintiff, Marine has a maritime lien for necessaries on the 1988 Palat a/k/a Ranconteur a/k/a Ariel, in the amount of Two Hundred Ninety Nine Thousand Four Hundred Sixty-Nine and 30/100 ($299,469.30), which is less than the value of the boat which is $350 actually paid. (See Bill of Sale annexed as Exhibit "K").

45. That had Plaintiff not obtained ownership of the subject Vessel, this

Court would have given full faith and credit to the money judgment entered in the Supreme Court, County of Kings in favor of Marine and against Defendant "Venture" in the amount of $299,469.30 or in the alternative, should grant Plaintiff a judgment and lien in the amount of $401,373.00 on said Vessel even though Plaintiff had obtained ownership of the subject Vessel, because he is still owed the outstanding balance for services.

46. As a result, Defendants and the Vessel are still jointly and severally liable to Plaintiff Marine for the full payment of the amounts that are currently due and owing on the account between Plaintiff "Marine" and Plaintiff "Venture", plus interest from the date the invoices were due at the applicable rate, as determined by the Court, and reasonable attorneys fees' and collection costs and expenses incurred by Plaintiff Marine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marine Watchmen, Inc. prays that:

1. This Court Order the following two (2) preferred mortgage liens entered and fraudulently filed with the Department of Transportation U.S. Coast guard (National Vessel Documentation Center) against said Vessel be extinguished/released/discharged of record:

    (1) Instrument PM amount $40,300.00 in Book 00-55 pg. 251

    (2) Instrument PM amount $50,000.00 in Book 00-55 pg. 252

2. That process in due form of law according to the course and practice of this Honorable Court in causes in admiralty and maritime jurisdiction issue to enforce Marine's claims against the Vessel, and its bunkers, engines, machinery, equipment, fixtures, appurtenances, etc. and all other necessaries thereunto appertaining and

belonging, *in rem*, and against Venture, *in personam,* Paul Demo, *in personam* and Christopher Sperry, *in personam*, and that all persons claiming any interest in the Vessel be cited to appear and answer an oath, all and singular, in the matter aforesaid:

    A.    1988 PALAT a/k/a RACONTEUR a/k/a ARIEL documented U.S. flagged Vessel officially on number 925155

3.    That warrants for the arrest of the Vessel, and its engines, machinery, equipment, fixtures, appurtenances, etc. and any and all additions, improvements and replacements thereafter made, in or for the Documented Vessel be issued, or in the alternative, waived to enforce Marine's claims against Venture, PM and the Vessel, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid and that Marine have judgment against the Documented Vessel for all amounts due and owing to Marine:

4.    That Defendant Venture and Defendant PM, Defendant Paul Demo and Defendant Christopher Sperry be cited to appear and answer on oath, all and singular, the matters as aforesaid:

5.    That judgment be rendered in favor of Plaintiff Marine against Defendant Venture *in personam* and the Vessel, *in rem*, on the outstanding balance of $401,373.00 and as and through August 15, 2017, plus interest and reasonable attorneys' fees and collection costs and expenses incurred by Marine.

6.    That Marine have judgment in its favor and against defendant Venture Defendant Paul Demo and Defendant Christopher Sperry and the Vessel for all costs of these proceedings including all *custodia legis* costs incurred in connection with the arrest

of the Vessel and all costs for the custody and safekeeping of the Vessel during the course of this proceeding;

7. That the procurement of a bond by Plaintiff Marine and arrest of the Vessel be waived; and

8. That Plaintiff Marine has such other and further relief as the justice of the cause may require.

Dated: Staten Island, New York
February 17, 2020

Yours, etc.

Borrell & Riso, LLP
Attorneys for Plaintiff
1500 Hylan Boulevard
Staten Island, NY 10305
(718) 667-8600

By: _____
A Member of the Firm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.            Year

MARINE WATCHMEN INC.,

Plaintiff,

-against-

VENTUR CRUISE, LLC, in personam, CHRISTOPHER SPERRY, in personam, P.M. ROYAL, LLC, in personam, PAUL DEMO, in personam,, et al.

Defendants.

## SUMMONS AND COMPLAINT

*The Law Firm of*
**Borrell & Riso, L.L.P.**
Attorneys and Counselors at Law
*Attorney(s) for*

**Office and Post Office Address, Telephone**

1500 Hylan Boulevard
Staten Island, New York 10305
(718) 667-8600

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on                    at            M.
Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.

*The Law Firm of*
**Borrell & Riso, L.L.P.**

STATE OF NEW YORK, COUNTY OF                    ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification By Attorney — certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's Affirmation — state that I am
the attorney(s) of record for                                                                    in the within
action: I have read the foregoing                                                  and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by


The grounds of my belief as to all matters not stated upon my own knowledge are as follows:


I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:
                                                                                                     ................................................................
                                                                                                     The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                    ss.:
I, the undersigned, being duly sworn, depose and say: I am    Plaintiff

☒ Individual Verification — in the action; I have read the foregoing    Complaint
and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification — the                       of
a                              corporation and a party in the within action, I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Lorraine Scala
Notary Public-State of New York
Qualified in Richmond County
Sworn to before me on 2/17/20  My Commission Expires 5/9/20
NO. 01SC6341550

*[signature: Lorraine Scala]*                              *[signature: Robert Vignapiano]*
                                                            ................................................................
                                                            The name signed must be printed beneath
                                                            ROBERT VIGNAPIANO

STATE OF NEW YORK, COUNTY OF                    ss.:    (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                          I served the within

☐ Service By Mail — by mailing a copy of each of the following persons at the last known address set forth after each name below.

☐ Personal Service on Individual — by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
to be the person mentioned and described in said papers as *a party therein:*

☐ Service by Electronic Means — by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
copy to the address set forth after each name.

☐ Overnight Delivery Service — by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name
below.


Sworn to before me on                                              ................................................................
                                                                   The name signed must be printed beneath