UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MARINE WATCHMEN INC.,

                Plaintiff,

  -against-

P.M. ROYAL, LLC,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-CV-00851-FB-JO

*Appearances*:
*For the Plaintiff*:
JEFFREY F. BORRELL, JR.
JOHN RISO
Borrell & Riso, LLP
1500 Hylan Boulevard
Staten Island, NY 10305

**BLOCK, Senior District Judge:**

      Marine Watchmen Inc. ("Marine Watchmen" or "Plaintiff") brings this suit against defendant P.M. Royal, LLC ("P.M. Royal" or "Defendant") to nullify two liens filed against its vessel, 1988 Palat a/k/a Raconteur a/k/a Ariel (the "Vessel") with the United States Coast Guard ("USCG"). Marine Watchmen has moved for summary judgment under Federal Rule of Civil Procedure ("FRCP") 56, and P.M. Royal has not opposed the motion. For the reasons that follow, Marine Watchmen's motion is granted and this case is closed.

1

## I.   BACKGROUND

The following facts are taken from Marine Watchmen's pleadings and supporting documentation. Because the defendant has not responded to this motion, nor appeared for this action, the facts below are undisputed.

Plaintiff Marine Watchmen is a New York corporation that operates a marina in Brooklyn. In 2009, Venture Cruise LLC ("Venture"), which held title to the Vessel at the time, entered into an agreement with Marine Watchmen to dock the Vessel in the marina. From January 2009 through February 2018, Marine Watchmen "performed necessaries, services, repair and maintenance and stored" the Vessel pursuant to its agreement with Venture. Compl. ¶ 33. In the meantime, Venture abandoned the Vessel at the marina and failed to pay storage and maintenance fees totaling $266,471.56, with costs, fees and interest raising the total damages to Marine Watchmen to a sum of $401,373.00. In August 2017, Marine Watchmen obtained a default judgment in Supreme Court, Kings County against Venture for these damages. The judgment was then foreclosed as a garagemen's lien and in November of that year, Marine Watchmen purchased the Vessel at the foreclosure sale.

Marine Watchmen obtained the New York state title, which it filed with the USCG's National Vessel Documentation Center. However, when Marine Watchmen attempted to register the Vessel with the USCG for use in restricted trades, it was

unable to do so because of two preferred mortgages which were filed against the Vessel by P.M. Royal in May 2000. In February 2020, Marine Watchmen initiated this action against Venture, P.M. Royal, a Missouri limited liability company ("LLC"), and the two individuals who solely and together own these two entities, Christopher Sperry and Paul Demo, pursuant to the Ship Mortgage Act, 46 U.S.C. § 31301 et. seq. to quiet title and for a maritime lien for the damages it had already obtained in state court.

Marine Watchmen alleges that the mortgages in question are fictitious and were fraudulently placed on the Vessel, since Sperry and Demo wholly and together own both Venture and P.M. Royal, and P.M. Royal is merely an alter ego of Venture. Marine Watchmen also maintains that there was never any money exchanged pursuant these mortgages and that their real purpose was to defeat any potential future lienholders and claims to ownership. What is more, P.M. Royal was administratively dissolved as an LLC in May 2019 by the Missouri Secretary of State for failing to extend its duration. In any event, Marine Watchmen argues, the mortgages are stale since P.M. Royal never took any action to enforce them despite the fact that no payments were ever made against them.

P.M. Royal, Venture, Sperry and Demo never defended this action and the Clerk of Court noted their default in August 2020. Marine Watchmen subsequently moved for default judgment, which the Court denied without prejudice in March

2021 because Marine Watchmen had failed to comply with the Supplemental Rules for Admiralty or Maritime Claims and the Local Admiralty and Maritime Rules. Specifically, Marine Watchmen failed to comply with proper notice requirements and failed to arrest the Vessel, which it erroneously believed was unnecessary because it was already in Marine Watchmen's possession.

On July 27, 2021, Marine Watchmen filed its amended complaint, removing all of the defendants except for P.M. Royal and removing its claim for a maritime lien for necessaries and damages, since it previously had obtained a judgment covering these damages in state court. On September 21, 2021, the Clerk of Court issued an arrest warrant, and a month later, the Vessel was arrested and placed into the custody of Marine Watchmen by the U.S. Marshal. In March 2022, the Court granted Marine Watchmen's request to waive service of the Amended Complaint to P.M. Royal, since the company has been dissolved. Now, Marine Watchmen moves for summary judgment, arguing that the mortgages against the Vessel are fraudulent, and that any claim to them would be barred by equitable doctrine of laches. For the reasons that follow, the Court grants summary judgement for Marine Watchmen.

## II.   DISCUSSION

On a motion for summary judgment, the court must "resolv[e] all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019)

(*citing Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)). Summary judgment is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The same principles apply when a summary judgment motion is unopposed. "Where a motion for summary judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence." *Lue v. JPMorgan Chase & Co.*, 768 Fed. App'x. 7, 10 (2d Cir. 2019). "If a party…fails to properly address another party's assertion of fact…the court may…consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

"Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles. Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "[W]here the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial'…An unopposed

5

summary judgment motion may also fail where the undisputed facts fail to 'show that the moving party is entitled to judgment as a matter of law.'" *Id*. at 244 (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996) (per curiam)).

The Court now addresses whether the doctrine of laches applies and bars any potential claim by P.M. Royal to the mortgages. In Magistrate Judge Bloom's well-reasoned February 23, 2021 Report and Recommendation ("R&R"), she intimated that the doctrine of laches likely applies, though ultimately she recommended that default judgment be denied due to the aforementioned procedural defects. Those defects have been cured, and the Court now holds that the doctrine of laches bars any claim to the mortgages and they are accordingly extinguished.

District courts have jurisdiction over maritime actions seeking to declare liens invalid. 46 U.S.C. § 31343(c)(2) ("The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien…[and] that Venue in such action shall be in the district where the vessel is found or where the claimant resides or where the notice of lien is recorded."). *Id*. Although not a court of equity, equitable principles, including the doctrine of laches, apply in admiralty law cases. *See The Red Lion*, 22 F.2d 329, 331 (E.D.N.Y. 1927) ("A court of admiralty, while not a court of equity, is governed by equitable principles.").

6

Laches is the equitable principle by which a claim is barred on the basis that the moving party is engaged in an unreasonable and inexcusable delay that prejudices the non-moving party. *See Leopard Marine & Trading, Ltd. v. Easy Street Ltd.*, 896 F.3d 175, 193 (2d Cir. 2018). Whether laches applies is a fact question. *See id*. at 193-94. Laches bars a claim when three elements are present: (i) a delay in asserting a right or claim, (ii) the delay was inexcusable, and (iii) there is undue prejudice against the party against whom the claim is asserted. *See Hill v. W. Bruns & Co.*, 498 F.2d 565, 568 (2d Cir.1974). Although the applicability of laches is not dictated by statutes of limitations, admiralty courts may look to local statutes of limitations for guidance. *Id*. at 195. In New York, the relevant statute of limitations for enforcing a maritime lien is twelve months. N.Y. LIEN LAW § 83.

Here, any future attempt at enforcing the mortgages in question would be barred by laches. P.M. Royal did not make any attempt to enforce its mortgages even though Venture did not make any payments for approximately 20 years. This is far longer than the twelve-month statute of limitations governing the enforcement of liens on vessels in the state of New York. P.M. Royal had adequate opportunity to arrest the Vessel and seek enforcement, since it was stored at Marine Watchmen's marina for approximately nine years pursuant to the agreement with Venture. Since the individual owners of Venture are the same as

7

those of P.M. Royal, they had more than ample notice of the Vessel's whereabouts. Had P.M. Royal acted expediently, Marine Watchmen would not now be burdened with seeking to unencumber the Vessel from the mortgages. Also, Marine Watchmen may not have provided the necessaries to the Vessel, knowing future enforcement of a maritime lien would result in protracted litigation and be jeopardized by the existing preferred mortgages. Further, P.M. Royal's mortgages have delayed Marine Watchmen's efforts to register the Vessel with the Coast Guard for use in restricted trades. Accordingly, any future attempt to enforce the mortgages would be barred by laches, and the mortgages are therefore invalid. Marine Watchmen's requested relief is granted and the two outstanding preferred mortgage liens are extinguished.

### III.   CONCLUSION

For the foregoing reasons, plaintiff's unopposed motion for summary judgment is GRANTED. The clerk of court is directed to close this case.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　_/S/ Frederic Block_____
　　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
January 9, 2023